UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG J. BRADLEY,

    Petitioner,                               Civil Case No. 21-11669
                                                    Honorable Linda V. Parker

v.

SHERMAN CAMPBELL,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first and second-degree criminal sexual conduct. The petition contains claims that were not, by Petitioner's own admission, exhausted with the state courts. Instead of dismissing the petition without prejudice, this Court is holding the petition in abeyance and staying the proceedings under the terms outlined in this decision to permit Petitioner to exhaust those claims.

## I. Background

Petitioner was convicted after a jury trial in the Circuit Court for Berrien County, Michigan. Petitioner's conviction was affirmed but the case was remanded to the trial judge to determine whether the court would have imposed a

materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). *People v. Bradley*, No. 328806, 2016 WL 7493715 (Mich. Ct. App. Dec. 22, 2016), *lv. den.* 898 N.W.2d 212 (Mich. 2017).

On March 21, 2020, the trial judge on remand denied Petitioner's motion for re-sentencing. Petitioner did not file an appeal from the denial of the motion for re-sentencing.

Petitioner has now filed a petition for writ of habeas corpus, asserting the following grounds in support of his request for relief:

> I. Constitutional rights violated when trial court limited defense theory on opening statement to jury.
>
> II. Denial of right to testify about police officer.
>
> III. Violation of a right to a jury with judicial fact-finding to increase minimum sentence.
>
> IV. Ineffective assistance of appellate counsel.

By his own admission, the third and fourth claims are unexhausted.

## II. Discussion

A state prisoner seeking federal habeas relief usually must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *see also Picard v. Connor*, 404 U.S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that

must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). A federal habeas court must dismiss a mixed habeas petition—that is, one containing both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

The outright dismissal of the petition, even without prejudice, might result in Petitioner being foreclosed from presenting his claims in federal court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when an original petition was timely filed, but a second, exhausted habeas petition would be time barred. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effect of AEDPA's statute of limitations can file a "protective" petition in federal court and ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold the petition in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Further, like *Wagner*, Petitioner asserts that he did not previously present his third or fourth claims to the state courts due to the ineffective assistance of appellate counsel. *See id.* at 419 n. 4 &5. Petitioner has thus shown good cause for failing to properly raise these claims sooner. *See e.g.*, *Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id*. (internal quotation marks omitted).

## Order

The Court is holding Petitioner's application for the writ of habeas corpus in abeyance, subject to the following conditions.

Petitioner shall file a motion for relief from judgment with the state court within **ninety (90) days** of receipt of this Opinion and Order. Petitioner shall

notify this Court in writing when such a motion has been filed. If Petitioner fails to file a motion for relief from judgment with the state court by the deadline or fails to notify this Court of such filing, the Court will dismiss the present petition without prejudice.

If Petitioner is unsuccessful in state court (i.e., his motion is denied) and wishes to continue pursuing this federal habeas action, he must return to this Court **within ninety (90) days** of exhausting his state court remedies and file **in this case** (i.e., with the above case caption and case number) a motion to lift the stay and a habeas petition containing all exhausted claims.

To avoid administrative difficulties, the Clerk of the Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: November 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager