UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG J. BRADLEY,

       Petitioner,                     Case No. 21-cv-11669

v.                                       Honorable Linda V. Parker

SHERMAN CAMPBELL,

       Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On July 7, 2021, Michigan prisoner Craig J. Bradley ("Petitioner") filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for first- and second-degree criminal sexual conduct ("CSC") in violation of Michigan Compiled Laws §§ 750.520b and 750.520c, respectively. For the reasons that follow, the Court is denying the petition.

**I. Factual and Procedural Background**

In 2015, a jury convicted Petitioner of the above offenses in the Circuit Court for Berrien County, Michigan. As set forth in the Michigan Court of Appeals' decision, the convictions arose from offenses against Defendant's sister-in-law, who was 15 at the time. *People v. Bradley*, No. 328806, 2016 WL

7493715, at *1 (Mich. Ct. App. Dec. 22, 2016). The victim spent the day swimming at Petitioner's home and then spent the night there with her sister and her nieces and nephews. *Id.* During the evening, Petitioner sexually assaulted the victim, including digitally and orally penetrating her. *Id.* Before going to swim at Petitioner's home, the victim had been at a park with her boyfriend who allegedly digitally penetrated her. *Id.*

The Michigan Court of Appeals affirmed Petitioner's convictions but remanded the case to the trial court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). *Bradley*, 2016 WL 7493715, at *7-8. On remand, the trial court denied Petitioner's motion for resentencing. Petitioner did not appeal. He did, however, file the pending application for federal habeas corpus relief.

On Petitioner's request, these proceedings subsequently were stayed so he could return to the state courts and exhaust claims in the petition which were unexhausted. (ECF No. 4.). On December 21, 2021, Petitioner moved to reopen these federal habeas corpus proceedings and to amend the petition to delete the claims that were unexhausted when it was filed (Claims III and IV). (ECF No. 5.) The Court granted the motion, reopened the case, ordered service on Respondent, and set a briefing schedule. (ECF No. 6.)

Petitioner seeks relief on the following remaining grounds:

> I. [His] constitutional rights were violated when the trial court sustained the prosecution's objection to defense counsel presenting his position or theory to the jury during opening statements.
>
> II. [He] was denied the constitutional right to testify when, during his testimony, the trial court sustained the prosecution's objection to [Petitioner]'s characterization of an officer's testimony.

(ECF No. 1.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme

3

Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). This presumption is rebutted only with clear and convincing evidence. *Id.* Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.  Discussion

### A.  Procedural Default

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner failed to preserve the issues by objecting at trial and, as a result, the Michigan Court of Appeals reviewed the claims for plain error only.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law not substantively decided by the state courts:

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  The Sixth Circuit Court of Appeals applies a four-factor test to decide whether a claim has been procedurally defaulted due to a state procedural rule:

> (1) whether there is an applicable state procedural rule that the petitioner failed to follow; (2) whether the state court enforced its rule; (3) whether the default is an independent and adequate ground on which the state can foreclose review of the petitioner's constitutional claim; and (4) whether the petitioner demonstrated good cause

5

> for failing to adhere to the procedural rule and actual
> prejudice as a result of the constitutional error.

*Mariswamy v. Warren*, 570 F. App'x 461, 462 (6th Cir. 2014) (citing *Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001)). As to the second factor, the state court "must clearly and expressly state that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 262-65 (1989); *Cunningham v. Shoop*, 23 F.4th 636, 673 (6th Cir. 2022) (citing *Harris*).

Addressing Petitioner's opening statement claim, the Michigan Court of Appeals noted that "[u]npreserved constitutional issues are reviewed for plain error affecting defendant's substantial rights." *Bradley*, 2016 WL 7493715, at * 4. Nevertheless, the court found that Petitioner did not waive the issue. *Id.* at *4 n. 4. Further, the court's passing reference to the plain error standard, without any indication that it was applying such review, did not "clearly and expressly convey that its decision rested on a state procedural bar. *See Dantzler v. Rewerts*, No. 20-1059, 2021 WL 3754248, at *8 (6th Cir. Aug. 25, 2021) (finding that the state court's reference at the outset and conclusion to the standard for evaluating procedural default under Michigan Court Rule 6.508(D)(3) was not an explicit statement); *Smith v. Cook*, 956 F.3d 377, 385 (6th Cir. 2020) (explaining that the state court does not clearly and expressly invoke a procedural bar where it refers to the bar without directly concluding that forfeiture has occurred and then addresses the merits); *Patterson v. Haskins,* 316 F.3d 596, 604-05 (6th Cir. 2003) (holding

6

that the petitioner's claim was not procedurally defaulted, although the petitioner's counsel failed to object to the jury instructions, where the state court made no mention of the petitioner's failure to object in its decision). Thus, the procedural default doctrine does not bar this Court from considering the merits of Petitioner's first ground for relief.

Nor is the Court precluded from addressing Petitioner's second ground for relief. Regarding the claim, the state court stated: "To the extent defendant raises a constitutional issue, we review unpreserved constitutional issues for plain error affecting defendant's substantial rights." *Id.* at * 6. But, again, the state court did not "clearly and expressly" invoke a state procedural bar and it evaluated the claim on the merits. *Id.* at *6-7. Further, the court never found that Petitioner failed to preserve the claim.

### B. Merits of Petitioner's Opening Argument Claim

In his first ground for relief, Petitioner claims that his Constitutional rights were violated when the trial court precluded defense counsel, during his opening statement, from advancing the theory that the victim's injuries were caused by her boyfriend. The Michigan Court of Appeals concluded that the trial court erred in sustaining the prosecutor's objection and restricting defense counsel from presenting Petitioner's theory during his opening. *Bradley*, 2016 WL 7493715, at

7

\*5. The state court nevertheless rejected the claim, finding that the error did not deprive Petitioner of his right to present a defense. *Id*. The court explained:

> The record reveals that defense counsel gave an opening statement after the prosecution's case-in-chief. Defense counsel gave a brief summarization of the background information and explained what defendant's anticipated testimony was going to be, i.e., that there was no inappropriate touching, no penetration, and no use of force or coercion. Defense counsel concluded by noting that defendant was going to ask the jury to return a not guilty verdict on both counts. Moreover, it appears that when the trial court sustained the prosecutor's objection, defense counsel was going to argue that the victim's boyfriend caused the injuries—a theory that defense counsel was able to advance during closing argument.

*Id*. The Michigan Court of Appeals did not unreasonably assess the facts. Nor was its decision contrary to or an unreasonable application of federal law.

The Supreme Court has not found a constitutional right to make an opening statement and several federal courts have held there in fact is no such right. *See, e.g., United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir. 1984), abrogated on other grounds as noted in *United States v. Chestang*, 849 F.2d 528, 531 (11th Cir. 1988); *United States v. Salovitz*, 701 F.2d 17, 19 (2d Cir. 1983) (quoting *Herring v. New York*, 422 U.S. 853, 857 (1976)) ("We hold, however, that a defendant's unfettered right to make an opening statement, unlike his right to a closing argument, is not one of the 'traditions of the adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments'"); *United States*

*v. Ciancaglini,* 945 F. Supp. 813, 820 (E.D. Pa. 1996) ("there is no unfettered constitutional right to an opening statement"); *see also Herring*, 422 U.S. 853, 863 n. 13 (1975) ("We deal in this case only with final argument or summation at the conclusion of the evidence in a criminal trial. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process."). Moreover, "[t]he scope and extent of the defendant's opening statement rests largely in the discretion of the trial court." *United States v. Lizon-Barias*, 252 F. App'x 976, 978 (11th Cir. 2007) (quoting *United States v. Freeman*, 514 F.2d 1184, 1192 (10th Cir. 1975)); *see also United States v. Poindexter*, 942 F.2d 354, 360 (6th Cir. 1991) (citing *Zielie*, 734 F.2d at 1455) (indicating that the trial court "has discretionary control over opening statements including the power to exclude irrelevant matters"). Any restriction on Petitioner's ability to make an opening statement therefore is non-cognizable on habeas review.

Even assuming the claim is cognizable, it does not entitle Petitioner to habeas relief. Any error by the trial court in refusing to allow Petitioner to mention his theory that the boyfriend was the source of the victim's injuries during opening statement was harmless because counsel brought this theory to the jury's attention at other stages of the trial. *See Rhoden v. Campbell*, No. 95-5224, 1996 WL 515348, * 6 (6th Cir. Sep. 10, 1996) (finding that the petitioner was not entitled to

9

habeas relief even if the trial court erred in restricting counsel from raising consent defense issue in voir dire and in his opening statement "as that issue was available to be fully presented to the jury during the evidentiary phase of the trial and in closing argument"); *United States v. Hershenow*, 680 F.2d 847, 859 (1st Cir. 1982) ("disapprov[ing] of the trial court's refusal to permit the defendants to make opening statements" but finding no error as "the jury was adequately apprised of [the defendant]'s theory of the case through his cross-examination of . . . witnesses); *see also United States v. Gathrite*, 431 F. App'x 316, 317 (5th Cir. 2011) (holding that the district court's ruling that defendant's opening statement could not refer to evidence that he had been released on bond pending trial to obtain drug treatment, was not an abuse of discretion given that defendant repeatedly advanced the theory that he was a drug user not a drug dealer during his cross-examination of witnesses and in closing argument).  During closing argument, defense counsel told the jury that the defense's theory was that the victim's boyfriend was the cause of any injury to the victim. (5/28/15 Trial Tr. at 577-79, ECF No. 10-6 at Pg ID 724-26.)  Defense counsel also cross-examined the victim about the boyfriend's "violation." (5/27/15 Trial Tr. at Pg ID 271-72, 276-77, 282, 298-99, ECF No. 10-5 at Pg ID 418-19, 423-24,429,445-46.)  Petitioner is not entitled to habeas relief because the Michigan Court of Appeals reasonably determined that the error here was harmless. *Davis v. Ayala*, 576 U.S. 257, 269-70

(2015) (explaining that "a federal court may not award habeas relief under § 2254 unless *the [state court's] harmlessness determination itself* was unreasonable").

For the above reasons, Petitioner's claim does not warrant habeas relief.

### B. Merits of Petitioner's Right to Testify Claim

Petitioner next claims that he was denied the right to testify when, during his testimony, the trial court sustained the prosecution's objection to Petitioner's mischaracterization of a police officer's testimony.

In response to his counsel's question about the officer's trial testimony concerning the touching of the victim's inner thigh, Petitioner stated that the way the officer worded something in the police report was different than what Petitioner said. (5/28/15 Trial Tr. at 516, ECF No. 10-6 at Pg ID 663.) Petitioner accused the officer of "chang[ing] the transcript." (*Id*.) The prosecution objected indicating first that there was no transcript and second that there was no testimony that the officer changed anything. (*Id*. at 517-18, Pg ID 664-65.)

The Michigan Court of Appeals rejected the claim:

> Here, Officer Phillips testified that he took notes, that the notes were dictated, and that the notes were destroyed after his report was completed. In reference to Officer Phillips's testimony, defendant testified, "But as you heard, he changed the transcript," and the prosecution objected to defendant's mischaracterization of Officer Phillips's testimony. The trial court sustained the objection. Indeed, defendant mischaracterized Officer Phillips's testimony, and MRE 611(a) gives the trial court authority to "exercise reasonable control over the

11

> mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth." MRE 611(a). Here, there was no factual basis to support defendant's assertion that Officer Phillips acknowledged that he "changed the transcript." Thus, preventing defendant from mischaracterizing another witness's testimony made the presentation of evidence effective for the ascertainment of the truth and was within the trial court's authority under MRE 611(a). Accordingly, the trial court did not abuse its discretion when it sustained the prosecutor's objection and defendant has not shown that an error occurred.
>
> Moreover, defendant has failed to show that the evidentiary ruling deprived him of the right to testify. Defendant did, in fact, testify in this case and was not completely barred from exercising his right. However, as noted above, "the right to present relevant testimony is not without limitation" and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Rock [v. Arkansas*, 483 U.S. 44, 55 (1987)].

*Bradley*, 2016 WL 7493715, at \* 7 (ellipsis and additional citations omitted).

A criminal defendant has a constitutional right to take the stand and testify on his or her own behalf. *Rock*, 483 U.S. at 49-53 (1987). "[J]ust as a State may not apply an arbitrary rule of competence to exclude a material defense witness from taking the stand, it also may not apply a rule of evidence that permits a witness to take the stand, but arbitrarily excludes material portions of his testimony." *Id*. at 55. However, a defendant's "right to present relevant testimony is not without limitation" and the right "may, in appropriate cases, bow to

12

accommodate other legitimate interests in the criminal trial process." *Id.* (quoting *Chambers v. Mississippi,* 410 U.S. 284, 295 (1973)). "[N]umerous state procedural and evidentiary rules control the presentation of evidence and do not offend the defendant's right to testify." *Id.* at 55 n. 11. However, "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Id*. at 55-56. "In applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify." *Id.* at 56.

    The trial court did not prevent Petitioner from testifying, but merely ruled that Petitioner could not testify that the officer changed the transcript or his report. Petitioner in fact was able to subsequently tell the jury what he claimed he told the officer. (5/28/15 Trial Tr. at 519-20, ECF No. 10-6 at Pg ID 666-67.) Therefore, the state court's determination that Petitioner's right to testify was not violated was not an unreasonable determination of the facts or application of federal law. *See e.g. Stephens v. Miller,* 13 F. 3d 998, 1001-02 (7th Cir. 1994) (holding that the state trial court did not deny the defendant his constitutional right to testify in his own defense when it applied the State's rape shield statute to prevent the defendant from testifying regarding certain statements that he allegedly made to the victim during the course of what the defendant claimed was a consensual sexual encounter, finding that the defendant was nonetheless allowed to testify that he

13

said something to the victim during their encounter that made her angry and caused her to fabricate the charge of attempted rape).

Petitioner is not entitled to relief on his second claim.

### IV. Conclusion

For the reasons set forth above, the Court concludes that Petitioner is not entitled to the writ of habeas corpus pursuant to § 2254. The petition, therefore, is denied with prejudice. To the extent Petitioner seeks to appeal this decision, he first must obtain a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted). When a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could not find the Court's conclusion that Petitioner is not entitled to habeas relief on either of his grounds debatable or wrong. Accordingly, the Court is denying a certificate of appealability. However, Petitioner's claims are not frivolous. Therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability but is **GRANTED** leave to proceed in forma pauperis.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 8, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 8, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

15